501 A.2d 872

Paul M. HART et ux.

v.

Kenneth Allen MILLER, Jr. et al.

No. 472, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Dec. 16, 1985.

Joseph C. Ruddy, Jr. of Hyattsville, for appellants.

Lansdale G. Sasscer, Jr. (Sasscer, Clagett, Channing & Bucher on brief), Upper Marlboro, for appellees.

Before WEANT, J., and GETTY, (JAMES S.) and MEN-CHINE (W. ALBERT), Associate Judges of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

The right to be wrong without incurring reversal is not absolute. Rosenberg, *Judicial Discretion of the Trial Court*, 22 Syracuse Law Review 635 (1971).

The sole issue presented by this appeal is whether the trial judge abused his discretion in dismissing a plaintiff's case for counsel's failure to answer interrogatories in a timely manner. We shall reverse and remand this case for imposition of a less onerous penalty.

A review of the record establishes that on May 15, 1980, Paul M. Hart, one of the appellants herein, sustained a serious physical injury when the motorcycle he was operating collided with an automobile being driven by Kenneth Allen Miller, one of the appellees, who was a minor at the time of the accident. The collision occurred at the crest of a hill on Persimmon Lane in Calvert County. Appellant sustained seventeen facial fractures requiring extensive corrective and reconstructive surgery. At the time of trial his special damages included medical expenses of $54,000 and lost wages amounting to $36,000.

Appellant filed suit on May 13, 1983, alleging negligence by the driver, Kenneth Allen Miller, Jr., and further charging Miller's parents with negligent entrustment of the vehicle to their son. On June 20, 1983, the appellees filed general issue pleas and included therewith two sets of Interrogatories that appellant Hart and his wife were directed to answer.[1] It is the failure to respond to these Interrogatories, after being directed by the trial court to answer within a specified time, that prompted the trial court to dismiss the case. We shall relate the chronology of events leading to the dismissal.

According to the appellees, the first inquiry concerning the Answers to Interrogatories took place on August 29,

---

1. Due to an improper address, appellants' counsel did not receive the pleas until July 5, 1983.

1983, in a conversation between secretaries for the two law firms. A secretary in the firm representing appellees telephoned counsel for appellants and was advised by a secretary that appellants' counsel was on vacation until September 5th and that a response to the Interrogatories would be made upon his return.

The next inquiry directed to appellants' counsel was a letter dated November 14, 1983, stating that unless the Answers were forthcoming within a few days, the appellees would have no alternative but to file a Motion to Compel. Counsel for appellants responded by telephone advising that the Answers would be furnished "10 days from Monday." On December 9th, which was beyond the ten days, appellants' counsel stated in a letter to appellees that the Answers would be filed within 7 days of the date of his letter.

Absent the promised response, appellees filed a Motion to Compel and to postpone the trial scheduled for February 22, 1984. On January 13, 1984, the trial judge directed that the Answers be filed within 15 days and the case was reassigned for trial on June 19, 1984. Subsequent to the court's Order, appellees' counsel agreed to extend the time until February 3rd.[2]

The matter of the Answers lay dead in the water until March 26 when counsel for the appellees informed appellants' counsel that he would request the court to grant appropriate relief if the Answers were not received by April 3rd. On April 6th, the appellees filed for dismissal or other appropriate relief. Opposition to the Motion was filed and a hearing was scheduled for May 17, 1984, which was approximately one month prior to the trial date of June 19th. Shortly before the hearing commenced, the long awaited Answers were filed. Preparation for trial continued throughout the period as evidenced by the taking of deposi-

---

**2.** We are unaware of any authority for the proposition that counsel may extend the effective date of Court Orders by mutual consent.

tions on May 15, although appellees would have preferred to review the Answers before deposing the witnesses.

Counsel for appellants made the following argument at the motions hearing and again in his Motion for Reconsideration of the court's dismissal of the case.

1. This is the first time in his 12 years as a lawyer that he failed to comply with a court Order within the allotted time.

2. He is a sole practitioner with a wife and nine children.

3. During 1983 counsel was absent from his office for five consecutive months due to a disc injury in his lower spine, resulting in very substantial delays in the management of his cases.

4. Despite recurring medical problems, between June, 1983 and May, 1984, counsel initiated communications and correspondence concerning the case on 22 separate occasions, including but not limited to his failure to answer interrogatories.

5. Appellees were advised that Paul M. Hart had submitted to additional surgery and would be hospitalized until the first week of April, 1984.

6. On April 24th, he provided appellees with 252 pages of medical reports to be used in conjunction with an independent medical evaluation sought by appellees; that the ensuing examination resulted in a detailed three-page report concerning Hart's multiple injuries.

7. Appellees filed an amended plea on May 7, 1984, regarding the factual allegations that served as the basis for the negligent entrustment action and, as a result, more extensive discovery was necessary prior to trial.

8. The depositions consumed the entire day on May 15th. The testimony of both appellants and one appellee was completed with an agreement that further depositions would ensue if a review of the Answers to Interrogatories presented any problem for appellees.

9. The Answers filed on May 17th included 250 pages of attachments and enclosures.

At a Motions Hearing on May 17th, counsel for the appellees stated "we feel that we have been prejudiced by the failure of the Plaintiffs to file the Answers to the Interrogatories." Appellees needed the Answers "to start preparing the case for trial ... to get information on the liability issue ... on the nature and extent of the bodily injuries, the present complaints experienced by the Plaintiff and also to get information on the issues raised ... of negligent entrustment."

Appellees' counsel then recounted his unsuccessful efforts to obtain the information and requested either dismissal or other appropriate relief including a second postponement of the trial date. The trial court dismissed the case.

On June 11, 1984, the trial court heard appellants' Motion for Reconsideration. Appellants' counsel employed attorney George Wilkinson to represent him at this second hearing. The trial judge acknowledged that cases like the one under consideration "cause this member of the court a great deal of difficulty." The court then opined:

"You have to have some sort of method of operation for yourself, because matters like this where wide discretion is vested in the court really isn't appropriate to decide one case one way and another case another. Some lawyers are more articulate and persuasive than others ... and if you did not have some objective sort of yardstick to go by, your opinions wouldn't be consistent with each other let alone with anybody else's ... it's very difficult to be consistent with other judges ... but you ought, at least, to be able to be consistent with yourself."

The court concluded that counsel for appellants had not attempted to inhibit the defense in the preparation of the case for trial. In the court's words:

"I find nothing wilful, nothing contumacious, nothing intentionally overreaching in this action. The plain and

simple fact is he didn't get it done when the court ordered him to do it."

Earlier in his oral opinion the trial judge stated:

"Just means just to everybody concerned. And that in part means that if the game is played by a set of rules, you have to go by the rules."

Referring to the Order signed January 13th requiring the Answers to Interrogatories to be filed within 15 days, the court said:

"Now when you get an Order from the court to do something by way of discovery and Perry Bowen's name is signed to the bottom of that Order, that means that your time has run out. You better do what it says or don't complain when the sanction is requested and granted."

We have no quarrel with the trial court's conclusion that appellants' counsel was less than diligent in complying with the reasonable demands of opposing counsel and in failing to adhere to the Court's Order that interrogatories be answered by the 28th day of January, 1984. We disagree, however, with the trial court's interpretation that the objective in cases calling for the exercise of discretion is for the trial judge to be consistent in deciding the sanction to be invoked. If that were the rule, the vesting of discretion in a trial judge, to decide each case on the merits, would be meaningless.

Maryland Rule 422b (now 2–433) sets forth the sanctions that may be imposed by the court for failure of a party to comply with Orders for Discovery. The Rule states:

b. *Failure to Comply with Orders for Discovery.*

If any party or an officer or managing agent of a party or a person designated under section a 2(b) of Rule 405 (Designation of Person to Testify) fails to obey an order requiring him to provide or permit discovery, the court may make such orders in regard to the failure as are just, and among others the following:

1. Matter Taken as Established.

An order that the matters regarding which the order was made, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the orders;

2. Prohibiting Claims, Defenses or Evidence.

An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

3. Striking    Pleadings—Stay—Dismissal—Judgment by Default.

An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or any part thereof or rendering a judgment by default or decree pro confesso against the disobedient party;

4. Contempt.

In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt the failure to obey any order;  provided that contempt shall not be resorted to unless the ends of justice cannot otherwise be achieved.

5. Payment of Expenses.

In lieu of any of the foregoing orders or in addition thereto, if the court, after opportunity for hearing, finds that the failure to obey the order was without substantial justification, it shall require the party failing to obey such order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless it finds that other circumstances make an award of expenses unjust.

The alternatives available to a trial judge in imposing sanctions for failure to comply with discovery, answering interrogatories herein, clearly demonstrate that the trial judge is required to consider every aspect of the case and then choose the most appropriate remedy.  Discretion signifies choice.  Consideration of the various elements of the

problem does not preordain a single permissible conclusion. *See* Rosenberg, *Judicial Discretion of the Trial Court,* supra, cited in *Shimer v. Edwards,* 482 A.2d 399 (D.C.App. 1984). Failure to exercise choice in a situation calling for choice is an abuse of discretion, because it assumes the existence of a rule that admits of but one answer. See *Brown v. United States,* 372 A.2d 557 (D.C.App.1977), cert. denied, 434 U.S. 921, 98 S.Ct. 397, 54 L.Ed.2d 278 (1977). When, as in the present case, the trial court recognizes its right to exercise discretion, but then declines to exercise it in favor of adhering to some consistent or uniform policy, it errs. *Berryman v. United States,* 378 A.2d 1317 (D.C.App. 1977). See, generally, *Johnson v. United States,* 398 A.2d 354 (D.C.App.1979). We recognize that consistent patterns may arise from the exercise of judicial discretion; consistency, however, must remain as the result and not the objective.

In *Williams v. Williams,* 32 Md.App. 685, 363 A.2d 598 (1976), Judge Moore reviewed the cases dealing with what was then Rule 422, and stated:

"[i]n virtually every case where the ultimate sanction has been imposed, such action has been taken in the presence of contumacious or dilatory conduct on the part of the plaintiff or when the noncomplying party had disobeyed a direct order of the court to depose, or to show cause, to answer interrogatories, or to respond to his opponent's motion for dismissal or default judgment."

We do not interpret Judge Moore's discussion of the type of actions in which dismissal may occur as mandating the Draconian sanction of dismissal in order to achieve a consistent result.

We note that in *Williams, supra,* Judge Moore zeroed in on the role the plaintiff played in her failure to submit to a deposition. We found an abuse of discretion in dismissing the case where there was no record of delay or contumacious conduct on the part of the *plaintiff* who was not involved in her counsel's postponements for his own convenience. Additionally, we found no indication of any preju-

dice to the husband who was seeking a continuance until the court suggested he seek dismissal of the case.

In the case *sub judice* there is not a scintilla of evidence that the plaintiff was responsible for or aware of the delay in failing to respond to Interrogatories. Some prejudice was incurred by appellees who preferred to have the answers in hand prior to scheduling depositions. Appellees did, however, obtain the depositions two days before the Hearing that concluded the case. The long awaited Answers, moreover, were furnished on the day of the Motions Hearing. Appellees were seeking dismissal or, alternatively, some other appropriate sanction, including a further postponement to prepare Motions for Summary Judgment prior to the trial one month hence.

Obviously, a great deal of preparation had gone into this case by counsel for both parties. What remained to be done was trivial in comparison to what had already been undertaken. Dismissal runs counter to valid societal preference for a decision on the merits. The trial court had already concluded that appellants' counsel had done "nothing wilful, nothing contumacious, nothing intentionally overreaching ... he didn't get it done when the court ordered him to do it." In view of the status of the case at the time of the Motions Hearing, together with the lack of wrongful conduct on the part of appellant Hart, and the realization that the statute of limitations had run on this course of action, we hold that it was an abuse of discretion to dismiss the case thus precluding Hart from pursuing his claim for the grievous personal injuries and monetary damage he sustained. Some sanction as to counsel was appropriate; dismissal was not.

We shall reverse and remand in order that the trial judge may consider and impose an appropriate sanction, short of dismissal.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.