## CLARKE BARIDON, INC., ET AL. *v.* UNION ASBESTOS AND RUBBER COMPANY

[No. 90, September Term, 1958.]

*Decided December 24, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

Submitted on brief by *Harold E. Mott* and *Welch, Mott & Morgan* for appellants.

The Court declined to hear argument for appellee. *J. Hodge Smith* and *Kelley & Smith* on the brief for appellee.

HAMMOND, J., delivered the opinion of the Court.

The appeal is from the refusal to vacate a summary judg-

ment against Clarke Baridon and Clarke Baridon, Inc., entered after they had failed to make any defense.

The suit was for $4,000.00 (the unpaid balance of the price of insulated pipe purchased from Union Asbestos and Rubber Company in 1954) and interest of $1,892.74. A motion for summary judgment, with supporting affidavit in proper form, was filed with the declaration. After the defendants had been summoned in December 1957 there was, in their words, "constant communication" between the lawyers for the plaintiff and the defendants, with offers and counter' offers, in an effort to effect a settlement, but the defendants did not file pleas or an affidavit of defense. A hearing on the plaintiff's motion for summary judgment was set for March 21, 1958. Although the defendants' lawyer had a month's notice of the date of the hearing, he did not appear; but, *in absentia,* presented a motion for continuance, supported by his affidavit that he was scheduled to appear that day before the Federal Communications Commission on a show cause order as to a television station. Judge Anderson denied the motion and entered judgment for both principal amount and interest.

Within thirty days defendants moved to set aside the judgment as to the interest and for a hearing on the merits, or in the alternative, a rehearing on the motion for summary judgment, as to the principal sum. Accompanying defendants' motion was the affidavit of Clarke Baridon in which he denied that any interest was due, and alleged that he had been caused expense in installing the pipe because the "dimensional variations" of its insulation were excessive, that he "would estimate" this expense to be "approximately $2,500 to $3,000" and that in his "opinion" he had a right to rely on what he assumed to be a warranty and should not be called on to pay the full price for the pipe. Judge Anderson overruled the motion as to $4,000 of the judgment and struck out the interest portion of $1,892.74, and defendants appealed.

Counsel for appellants continued to spurn Maryland and succumb to the seductions of Washington. When the case came on for argument in this Court in regular sequence, long before announced, no one appeared for appellants. In response to a call from the Clerk, the office of appellants'

counsel said he was conducting a tour through the State Department. Again in absentia, appellants' lawyers argue in their brief that Judge Anderson abused his discretion in not continuing the hearing on the motion for summary judgment and erred in not setting aside the judgment in its entirety. We cannot agree.

The defendants were in default, having failed to plead or show a genuine dispute as to a material fact, and the case was ripe for judgment. Maryland Rule 610 (a 2; c 3; d 1; d 2); *Phelps v. Herro,* 215 Md. 223, 227; *Frush v. Brooks,* 204 Md. 315. The granting of a continuance is ordinarily in the sound discretion of the trial court. *Plank v. Summers,* 205 Md. 598, 605, and cases cited. There was no abuse of discretion here.

After the judgment properly was entered, the question of whether it should or should not be vacated in whole or in part was within the sound discretion of the trial court for the ensuing thirty days. The decisive point no longer was whether there existed a genuine dispute as to a material fact, but rather whether the court was satisfied that there had been shown a reasonable indication of a meritorious defense or other equitable circumstances that would justify striking the judgment—that is, whether the court entertained a reasonable doubt that justice had not been done. *Phelps v. Herro, supra;* 2 Poe, *Pleading and Practice* (5th Ed.), Sec. 392; *Smith v. Lapidus,* 208 Md. 273, 279.

In considering whether to vacate the judgment, Judge Anderson properly could have considered that all the facts relied on by the defendants had been known to them since early 1954; that it would appear that for three years before suit was filed they had not seemed to consider that they had a serious counterclaim; that they had not pleaded or relied on the defenses finally asserted from December 1957, when they were summoned, until early April 1958, twenty-seven days after judgment; and that the affidavit of defense was mainly opinions, estimates, recollections and beliefs which sought to set up a vague possibility of breach of warranty and counterclaim. Under the circumstances before him, Judge Anderson did not abuse discretion in failing to vacate

the judgment for the unpaid balance of the purchase price of the pipe. The words of Judge Markell for the Court in *Lichtenberg v. Sachs*, 200 Md. 145, 159, are applicable and apposite here: "If the * * * petition be treated as an application to open an unenrolled decree, it was properly denied. There is no showing why the alleged facts could not have been discovered earlier. * * * [T]he averments of the petition are so lacking in particularity that they do not state even a colorable case." See also *Malone v. Topfer*, 125 Md. 157, 163-164; *Moss v. Annapolis Savings Institution*, 177 Md. 135, 143; *Coulbourn v. Boulton*, 100 Md. 350, 353.

*Order affirmed, with costs.*