642 A.2d 903

William R. KARL

v.

**BLUE CROSS AND BLUE SHIELD
OF MARYLAND, INC., et al.**

No. 1572, Sept. Term, 1993.

Court of Special Appeals of Maryland.

June 13, 1994.

Frances Gambo, Lutherville, for appellant.

Phillip Tamburello, Meryl D. Burgin, on the brief, Owings Mills, for appellees.

Argued before WILNER, C.J., and ALPERT and FISCHER, JJ.

ALPERT, Judge.

Appellant, William R. Karl, appeals from an order entered in the Circuit Court for Baltimore County granting a motion for sanctions filed by appellee, Blue Cross and Blue Shield of Maryland, and dismissing appellant's complaint. Appellant asks:

I.   Did the trial court err in dismissing appellant's complaint without a hearing after a hearing had been requested and scheduled?

II.  Did the trial court abuse its discretion in dismissing this action for appellant's failure to provide discovery, when the information requested amounted to clarification and categorization, rather than for additional discoverable information?

We answer the first question in the affirmative and, therefore, reverse without reaching the second question.

## Facts

Appellant filed a complaint for damages against his estranged wife, Judith Karl, and against her insurance company (appellee), alleging that he was entitled to receive insurance benefits under Mrs. Karl's insurance policy. Appellant failed to respond to certain discovery requests and appellee filed a motion for sanctions. After appellant answered appellee's interrogatories and request for production of documents, this motion for sanctions was denied. Appellee, dissatisfied with some of the answers to its discovery requests, filed a motion to compel which the court granted. Appellant failed to respond to the motion to compel and appellee filed a second motion for sanctions, requesting, *inter alia*, dismissal of the complaint. Additionally, appellee requested a hearing on the motion for sanctions. Although a hearing was scheduled, the court

granted the motion for sanctions and dismissed the complaint against appellee without holding the hearing. Appellant filed a motion to revise the judgment, which was denied. Appellant's claim against Mrs. Karl was settled by means of a consent judgment in the amount of $1,347.86. This appeal followed.

## Discussion

Maryland Rule 2–433 provides in pertinent part:

**Rule 2–433. SANCTIONS**

**(a) For Certain Failures of Discovery.**—Upon a motion filed under Rule 2–432(a), the court, if it finds a failure of discovery, may enter such orders in regard to the failure as are just, including one or more of the following:

\* \* \* \* \* \*

(3) An order striking out pleadings or parts thereof, or staying further proceeding until the discovery is provided, *or dismissing the action or any part thereof,* or entering a judgment by default that includes a determination as to liability and all relief sought by the moving party against the failing party if the court is satisfied that it has personal jurisdiction over that party.

\* \* \* \* \* \*

**(b) For Failure to Comply with Order Compelling Discovery.**—If a person fails to obey an order compelling discovery, the court, upon motion of a party and reasonable notice to other parties and all persons affected, may enter such orders in regard to the failure as are just, including one or more of the orders set forth in section (a) of this Rule.

(Emphasis added).

█ Additionally, where a rule does not expressly provide for a hearing on a motion, Maryland Rule 2–311(f) sets forth the procedure by which a hearing may be requested:

A party desiring a hearing on a motion ... shall so request in the motion or response under the heading "Request for

Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, *but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.*

(emphasis added). Thus, where either party has filed a timely request for a hearing on a motion that may be dispositive of a claim or defense, "Maryland procedure" requires that the court provide an oral hearing and "adequate notice of the time, place, and nature of that hearing" before entering an order that is, in fact, dispositive of the claim or defense. *Phillips v. Venker*, 316 Md. 212, 222, 557 A.2d 1338 (1989).

We have previously held that a hearing is not required prior to a ruling on "collateral claims or defenses like those involving sanctions or discovery matters." *Dixon v. Keeneland Assoc.*, 91 Md.App. 308, 315, 604 A.2d 502, *cert. denied,* 327 Md. 625, 612 A.2d 256 (1992). In *Dixon,* we went on to explain or redefine *Fowler v. Printers II*, 89 Md.App. 448, 598 A.2d 794 (1991), *cert. denied,* 325 Md. 619, 602 A.2d 710 (1992). Judge Harrell, for the court, said:

Accordingly, as we held in the *Mari–Ane Fowler* case, Rule 2–311(f) only requires a hearing if a decision *denying* sanctions is dispositive of a "claim" or a "defense."

*Dixon,* 91 Md.App. at 315, 604 A.2d 502 (emphasis supplied). Appellee relies heavily on *Printers II,* particularly the following language:

[The] history of the language of [2–311] suggests that the requirement that a hearing be held if the ruling is dispositive of a "claim" or "defense" was intended to be a "claim" or "defense" intrinsic to the underlying cause of action, *i.e.,* those dispositive "of the case," like motions for summary judgment and *motions to dismiss,* and not collateral claims or defenses like those involving sanctions or discovery matters.

89 Md.App. at 485, 598 A.2d 794 (emphasis supplied). The above dicta notwithstanding, we went on to hold that "Rule 2–311(f) does not require that a trial judge hold a hearing prior

to *denying* a motion for sanctions requested pursuant to Rule 1–341." *Id.* at 486, 598 A.2d 794 (emphasis supplied). Thus, we never reached the question of whether a hearing was mandated where requested when the trial judge granted a motion for sanctions which was dispositive of the entire case. This is such a case.

■ Here, appellee moved "for sanctions . . . for failure to provide discovery," and as part of that motion requested that "plaintiff's amended complaint against defendant be dismissed pursuant to Md.Rule 2–433(a)(3)." Although this motion was initiated under the Discovery Rule, it included a "motion to dismiss," which is one that, if granted, would be dispositive "of the case"—a situation alluded to in the above cited dicta from *Printers II* upon which appellee so ardently relies. Additionally, appellee aptly observed at n. 2 of its brief that

> In *Printer[s] II,* this court quoted a subcommittee of the Rules Committee as follows:
>
>> Where a ruling on a motion would be *dispositive of the case,* the movant was entitled to a hearing as a matter of right. Minutes of October 1979 @ p. 14. (Emphasis in original) 89 Md.App. [at] 485 [598 A.2d 794].
>
> The court also noted that the emphasized language was restated (not amended, revised or changed) by the Committee to the claim or defense language now found in the existing Rule.

Our research reveals nothing that would indicate an intent to change the original thrust of the Rule, *i.e.,* that "where a ruling on a motion would be dispositive of the case, the movant was entitled to a hearing as a matter of right." Accordingly, we hold that a requested hearing must be provided before a court may grant a motion for sanctions that is dispositive of a claim or defense; *i.e.,* before granting a motion to dismiss the case.

In this case, appellee properly requested a hearing on the motion for sanctions, and the decision dismissing the case was dispositive of appellant's claims against appellee. Thus, appellant was entitled to an oral hearing on the motion, despite the

fact that the hearing was requested by appellee. *See Venker,* 316 Md. at 217, 557 A.2d 1338. We shall vacate the judgment below and remand the case so that the parties may receive the hearing guaranteed by the rule.

JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.