795 A.2d 816

Hammed HOSSAINKHAIL

v.

Seyoum GEBREHIWOT et al.

No. 1135, Sept. Term, 2001.

Court of Special Appeals of Maryland.

April 4, 2002.

718

720

David A. Greenbaum (Freeman, Wolfe & Greenbaum, P.A. on the brief), Towson, for appellant.

Sheila F. Fleshman (Sasscer, Clagett & Bucher on the brief), Upper Marlboro, for appellees, Seyoum and Betty Gebrehiwot.

Maria K. Patterson (David L. Hendricks & Associates, on the brief), Lanham, for appellee, Nina Kirby.

Argued Before JAMES R. EYLER, SONNER and RAYMOND G. THIEME, Jr. (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

On April 19, 1999, Hammed Hossainkhail, appellant, filed a complaint in the Circuit Court for Prince George's County against Seyoum Gebrehiwot, Betty Gebrehiwot, and Nina Kirby, appellees.[1] Appellant alleged that he sustained personal injuries as a result of a motor vehicle accident that occurred on May 29, 1996, caused by the negligence of appellees. Specifically, the complaint alleged that Seyoum Gebrehiwot, acting as an agent of Betty Gebrehiwot, caused the accident by negligently striking appellant's vehicle. Kirby then struck

---

1. The complaint referred to Seyoum and Betty Gebrehiwot as Seyoum and Betty Gebrehardt.

Seyoum Gebrehiwot's vehicle, causing it to hit appellant's vehicle a second time.

The following chronology of events is not complete. We have set forth only those matters that are pertinent to the issues before us. According to the docket entries, the circuit court issued summonses for all appellees on April 21, 1999, and reissued summonses for Seyoum and Betty Gebrehiwot on August 26, 1999, October 26, 1999, and February 18, 2000.

On June 7, 2000, Seyoum and Betty Gebrehiwot filed an answer to the complaint.[2] On that same day, Seyoum and Betty Gebrehiwot propounded interrogatories and a request for production of documents to appellant. On August 8, 2000, Kirby directed interrogatories, a request for the production of documents, and a notice of deposition to appellant. Despite various requests, appellant was never deposed because of his unavailability.

On August 22, 2000, the court filed a scheduling order, mandating that all discovery be completed thirty days prior to the pre-trial conference set for December 15, 2000. In November 2000, with the consent of counsel and because of the unavailability of appellant, the pretrial conference was rescheduled for February 15, 2001.

Appellant failed to respond to appellees' discovery requests. Seyoum and Betty Gebrehiwot notified appellant on three occasions that responses to their requests were overdue. On September 21, 2000, Seyoum and Betty Gebrehiwot filed a motion to compel discovery. On October 20, 2000, appellant's counsel responded and stated that he had been unable to contact appellant.

By order dated October 20, 2000, the court granted the motion to compel and ordered appellant to provide discovery responses to Seyoum and Betty Gebrehiwot within thirty days. Presumably anticipating inaction, Seyoum and Betty Gebrehiwot's counsel notified appellant's counsel, by letter, of their

---

2. Seyoum and Betty Gebrehiwot also filed a "Line," amending by interlineation the spelling of their name to Gebrehiwot.

intention to file a motion to dismiss upon noncompliance with the court's order. By letter dated November 22, 2000, counsel for Kirby notified appellant's counsel that their discovery requests were delinquent and requested an explanation.

Appellant failed to respond within thirty days from the date of the court's order compelling discovery. Pursuant to Rules 2–432 and 2–433, on December 13, 2000, Seyoum and Betty Gebrehiwot filed a motion to dismiss appellant's entire case for failure to provide discovery and for violation of the court's order. Again appellant's counsel responded by citing unsuccessful attempts to contact appellant but maintaining that appellant had not abandoned his claim. By order dated January 4, 2001, docketed on January 18, 2001, the court dismissed appellant's case with prejudice. Kirby did not file a motion to compel discovery or a motion to dismiss.

Appellant's counsel, with the assistance of a private investigator, located appellant, apparently sometime prior to January 29, 2001. On that date, appellant filed answers to the written discovery requests by all appellees and a motion for reconsideration of the dismissal order. On February 9, 2000, Seyoum and Betty Gebrehiwot filed an opposition to appellant's motion, asserting that dismissal was proper under Rule 2–433. On February 13, 2001, Kirby also filed an opposition. On June 8, 2001, the court held a hearing and denied appellant's motion for reconsideration. Appellant challenges that ruling on appeal.

### Discussion

### 1.

The "motion for reconsideration" was not filed within ten days of the order of dismissal; thus, the time within which to note an appeal was not extended. Appellant recognizes, therefore, that the propriety of the underlying judgment is not before us. *See* Md. Rule 8–202. A trial court has revisory power and control over a judgment upon motion of a party filed within thirty days after entry of such judgment. Md. Rule 2–535(a). The issue before us is whether denial of

appellant's motion for reconsideration was an abuse of discretion. *See Wormwood v. Batching Sys.*, 124 Md.App. 695, 700–01, 723 A.2d 568 (1999). "We consider the facts and the law solely to review the validity of the conclusion [the hearing judge] reached on the point." *New Freedom Corp. v. Brown*, 260 Md. 383, 386, 272 A.2d 401 (1971). We will not reverse the judgment of the hearing judge unless there is grave reason for doing so. *Northwestern Nat. Ins. Co. v. Samuel R. Rosoff, Ltd.*, 195 Md. 421, 434, 73 A.2d 461 (1950). Our focus is on whether justice has not been done. *Clarke Baridon v. Union Asbestos & Rubber Co.*, 218 Md. 480, 483, 147 A.2d 221 (1958); *Wormwood*, 124 Md.App. at 700, 723 A.2d 568; *B & K Rentals & Sales Co. v. Universal Leaf Tobacco Co.*, 73 Md.App. 530, 537, 535 A.2d 492 (1988) (citations omitted), *rev'd on other grounds*, 324 Md. 147, 596 A.2d 640 (1990).

## 2.

■  Appellant argues that the circuit court did not exercise discretion as it was required to do, and the ruling is reversible on that basis. We disagree. Discretion signifies choice. *See Hart v. Miller*, 65 Md.App. 620, 626, 501 A.2d 872 (1985). The court demonstrated its choice, finding:

[I]t's been clear, from the court's review of the file, this is a 1996 accident. [Appellant's counsel] has set forth his contention that liability is not really in dispute. It's obvious, from the court, liability is in dispute. It's also clear, from the court's review of the file and the arguments presented, that [appellant's counsel] was less than successful in attempting to contact and locate [appellant] up through December of last year, and has proffered that his client has had some personal domestic issues, and, as such, basically, put the prosecution of this matter on the "back burner," for want of a better term.

The court, upon consideration of the arguments that have been presented, the court noting that, according to the deadline for discovery, which was up back in November of 2000, and weighing the equities presented, the court, at this

time, denies [appellant's] motion for reconsideration of its January order.

"If the judge has discretion, he must use it and the record must show that he used it." *Nelson v. State*, 315 Md. 62, 70, 553 A.2d 667 (1989). The court specifically found that (1) liability of the parties was in dispute; (2) appellant was at fault for the delay; (3) appellant's excuse was insufficient; and (4) the deadline for discovery expired in November, 2000. The court denied the motion for reconsideration after hearing and considering arguments from all counsel, reviewing the case file, and weighing the equities. *C.f. Hart*, 65 Md.App. at 627, 501 A.2d 872 (no exercise of discretion when court consistently applies uniform policy). The record clearly illustrates an exercise of judicial discretion.

### 3.

In the alternative, appellant argues that the court abused its discretion. When a court exercises its discretion by balancing and weighing the rights, interests, and reasons of the parties, the court is not required to discuss each factor considered. The court's exercise of discretion is presumed correct until the attacking party has overcome such a presumption by clear and convincing proof of abuse. *Langrall, Muir & Noppinger v. Gladding*, 282 Md. 397, 401, 384 A.2d 737 (1978). To overcome this presumption, appellant asserts that: (1) his conduct was not willful or contumacious; (2) he had a valid excuse; and (3) appellees were not prejudiced.

Appellant's argument that his behavior was not willful or contumacious is without effect. The power to impose sanctions is not dependent on a finding that the defaulting party acted willfully or contumaciously. *See North River Ins. Co. v. Mayor & City Council of Baltimore*, 343 Md. 34, 86, 680 A.2d 480 (1996); *see also Scully v. Tauber*, 138 Md.App. 423, 432–33, 771 A.2d 550 (2001) (and cases cited therein).

Before we reach appellant's second and third arguments, we note that the following factors are used to guide a trial court's decision to impose sanctions: (1) whether the

disclosure violation was technical or substantial; (2) the timing of the ultimate disclosure; (3) the reason, if any, for the violation; (4) the degree of prejudice to the parties respectively offering and opposing the evidence; and (5) whether any resulting prejudice might be cured by a postponement and, if so, the overall desirability of a continuance. *Taliaferro v. State*, 295 Md. 376, 390–91, 456 A.2d 29 (1983). *See Warehime v. Dell*, 124 Md.App. 31, 45, 720 A.2d 1196 (1998); *Heineman v. Bright*, 124 Md.App. 1, 8–11, 720 A.2d 1182 (1998). The factors often overlap and do not lend themselves to a compartmental analysis. *Taliaferro*, 295 Md. at 391, 456 A.2d 29.

In light of the nature of the discovery violation, the timing of the disclosure, and the reason for delay, the circuit court did not abuse its discretion in finding appellant's excuse insufficient. Maryland Rules 2–421 (Interrogatories) and 2–422 (Discovery of Documents) impose a thirty day deadline from the date of receipt of discovery requests to respond. Appellant was served with discovery requests on June 7 and August 8, 2000, yielding deadlines in July and September, 2000. Compliance was not achieved until January 29, 2001. The delay was in direct violation of the rules governing discovery, and with respect to Seyoum and Betty Gebrehiwot, the court's express order compelling discovery.

Appellant's disregard of discovery deadlines was a substantial violation. Appellant had a duty to move the case forward. *See Shelton v. Kirson*, 119 Md.App. 325, 332, 705 A.2d 25 (1998). Appellant shirked this duty and offered no good cause for his dilatory conduct. Appellant summarily attributed his absence to personal problems but made no showing why he could not and did not keep in touch with counsel when he obviously knew he had a case pending. The court may grant little weight to appellant's unsupported explanation for the delay. *See Lone v. Montgomery County*, 85 Md.App. 477, 486, 584 A.2d 142 (1991). This excuse was found to be insufficient.

Appellant contends that appellees were not prejudiced, asserting that appellees had copies of medical bills, records, and police reports prior to the filing of the case, that discovery was completed on January 29, 2001, and that liabili-

ty was not really in dispute. Appellant misconstrues appellees' position and misses the point.[3] The fact that appellees obtained some relevant bills, records, and reports informally, independent of their discovery requests, does not diminish the need for discovery. "The purpose of discovery is to 'eliminate, as far as possible, the necessity of any party to litigation going to trial in a confused or muddled state of mind, concerning the facts that gave rise to the litigation.'" *Warehime,* 124 Md. App. at 48, 720 A.2d 1196 (quoting *Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 13, 174 A.2d 768 (1961)). Without discovery from appellant, appellees did not know whether their information was complete or accurate. Clearly, appellant's failure of discovery could have impinged on the outcome of the trial.

Appellant's response to written discovery requests on January 29, 2001, in the discretionary view of the circuit court, was too little too late.[4] *See North American Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447, 1451 (9th Cir.1986) ("Last minute tender of documents does not cure the prejudice to opponents...."); *Warehime,* 124 Md.App. at 49, 720 A.2d 1196 (absence of a set trial date does not equate with a lack or prejudice, nor does it necessarily justify an extension of the discovery period). Appellant was put on notice of the failure of discovery throughout the course of litigation—several letters were sent to appellant's counsel, a motion to compel was filed, an order compelling discovery was issued, and a motion to dismiss was filed. There was sufficient opportunity to comply with discovery prior to the order of dismissal.

Appellant relies on *Hart v. Miller,* 65 Md.App. 620, 501 A.2d 872 (1985), which is distinguishable from the facts before us. In *Hart,* the plaintiff complied with discovery after a motion to dismiss had been filed but before the trial court heard arguments on the matter. *Hart,* 65 Md.App. at 622–23, 501 A.2d 872. Here, appellant did not comply with discovery until after

---

**3.** The court expressly rejected appellant's contention that liability was not in dispute.

**4.** There was no response to the notice of deposition.

dismissal was ordered. Additionally, in *Hart,* discovery had been virtually completed, and there was no evidence the plaintiff was responsible for the delay. *Id.* at 628, 501 A.2d 872. As previously stated, appellant offered no good cause and was solely responsible for the delay.

The court retains revisory control and power over a judgment for thirty days to ensure that no meritorious defenses or other equitable circumstances justify reversal,[5] not to extend the period of discovery. Appellant's delay without good cause was sufficient to support the court's denial of the motion for reconsideration. *See Shelton v. Kirson,* 119 Md. App. 325, 705 A.2d 25 (1998); *Rubin v. Gray,* 35 Md.App. 399, 370 A.2d 600 (1977). "Cases cannot be permitted to linger at the will of the litigants or their attorneys." *Tavakoli–Nouri v. Mitchell,* 104 Md.App. 704, 708, 657 A.2d 806 (1995). There is inherent prejudice in delaying a trial. *See Warehime v. Dell,* 124 Md.App. at 49, 720 A.2d 1196. The passage of time can cause the memories of witnesses to become obscured and can increase the likelihood that witnesses cannot be located. Furthermore, the court has a substantial interest in discouraging violations of discovery deadlines by litigants. *See Heineman v. Bright,* 124 Md.App. at 10, 720 A.2d 1182. We have held that permitting a party to deviate from a court scheduling order, absent good cause, is on its face, prejudicial and fundamentally unfair to opposing parties. *Naughton v. Bankier,* 114 Md.App. 641, 654, 691 A.2d 712 (1997). Court orders compelling discovery and Rules of Procedure operate with similar force. *See Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A.2d 476 (1970) (quoting *Brown v. Fraley,* 222 Md. 480, 483, 161 A.2d 128 (1960)).

Failure to comply with discovery contravenes the court's inherent authority to manage its affairs and achieve an orderly and expeditious disposition of cases. *See Wilson v. .*

---

**5.** Grounds for bringing a motion to revise judgment include error of law, fraud, or newly discovered evidence. *See* Paul V. Niemeyer & Linda M. Schuer, *Maryland Rules Commentary,* Rule 2–535, at 417 (1992).

*N.B.S.,* 130 Md.App. 430, 447–48, 746 A.2d 966 (2000). Appellant disregarded the rules, a scheduling order, and an order compelling discovery without good cause. We hold that the hearing court did not abuse its discretion.

Appellant also argues that the court could not consider "facts" set forth by appellees because they failed to comply with Rule 2–311(d).[6] We disagree. The information contained in the record was sufficient to sustain the court's ruling.

### 4.

Appellant contends the court did not have authority, under the Rules, to dismiss the case as to Kirby because Kirby was not a moving party. Appellees contend that the court did have authority because Kirby was a discovering party. Seyoum and Betty Gebrehiwot moved to dismiss the case under Rules 2–432 and 2–433 for appellant's failure to provide discovery and for violation of the court's order compelling discovery. The court granted the motion without express reference to either Rule and dismissed appellant's case as to all parties, with prejudice. The question before us is whether the court was authorized by the Rules to include, as part of the sanction imposed against appellant, dismissal of the case as to Kirby. If we conclude, as we shall, that the court acted within the scope of authority granted by the Rules, the court's decision is subject to review under an abuse of discretion standard. *See* Part 1 of this opinion.

The standards of construction that apply to the interpretation of statutes guide our interpretation of Rules 2–432 and 2–433. *See Johnson v. State,* 360 Md. 250, 264, 757 A.2d 796 (2000); *State v. Romulus,* 315 Md. 526, 533, 555 A.2d 494 (1989); *Warehime v. Dell,* 124 Md.App. at 53, 720 A.2d 1196. We approach our analysis from a common sense perspective, seeking to give the text its ordinary meaning. *See*

---

**6.** Maryland Rule 2–311(d) provides:

A motion or a response to a motion that is based on facts not contained in the record or papers on file in the proceeding shall be supported by affidavit and accompanied by any papers on which it is based.

*Huffman v. State,* 356 Md. 622, 628, 741 A.2d 1088 (1999). "We seek to avoid constructions that are illogical, unreasonable, or inconsistent with common sense." *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106 (1994). Our analysis begins with the plain language, *see Huffman,* 356 Md. at 628, 741 A.2d 1088, and usually ends if the words are clear and unambiguous. *See In re Victor B.,* 336 Md. 85, 94, 646 A.2d 1012 (1994).

Maryland Rules 2–432 and 2–433 are interconnected; Rule 2–432 sets forth the available motions, and Rule 2–433 provides the applicable sanctions.[7] Rule 2–433(a) authorizes immediate sanctions upon the filing of a motion under Rule 2–432(a) for failure of discovery. A motion under Rule 2–432(a) can only be filed by a "discovering party." A court may award sanctions for failure of discovery, therefore, only when there is a discovering and moving party. In a case with multiple parties, there are, for purposes of the issue before us, four possible scenarios.[8]

### Scenario 1

(One party is a discovering party and moving party under Rules 2–432(a) and 2–433(a), and the other parties are neither.)

If one party is a discovering and moving party under Rules 2–432(a) and 2–433(a), and the other parties are neither,

---

7. Federal Rule 37 is the counterpart to Maryland Rules 2–432 and 2–433. Rules 2–432(a) and 2–433(a) correlate to Federal Rule 37(d); Rule 2–432(b) correlates to Federal Rule 37(a); and Rule 2–433(b) correlates to Federal Rule 37(b). Putting aside required disclosures under the Federal Rules, the federal scheme is substantively similar to the Maryland scheme. One notable difference is that, under Federal Rule 37(b), a court may award sanctions for failure to obey an order compelling discovery in the absence of a motion. Under the Maryland Rules, a court is not authorized to impose sanctions in the absence of a motion. Our interpretation of the Maryland Rules, as discussed later in this opinion, is not inconsistent with our reading of Federal Rule 37.

8. The case before us involves multiple defendants with discovery directed to the plaintiff. The principles espoused, however, apply equally, in multiple party situations, where discovery is propounded by a plaintiff to a defendant.

a court may not sanction the offending party with respect to its claims against the other parties because there was no failure of discovery as to the other parties. We have so held in prior cases. *See Warehime v. Dell, supra; Heineman v. Bright, supra.*

In *Warehime,* this Court addressed the propriety of sanctions under Rule 2–433(a), holding that dismissal was improper as to eight co-defendants who were not discovering parties. *Warehime,* 124 Md.App. at 52, 720 A.2d 1196. Similarly, in *Heineman,* we recognized that "discovery sanctions against one party should not adversely affect another who has not participated in the discovery proceedings." *Heineman,* 124 Md.App. at 12, 720 A.2d 1182.

### *Scenario 2*

(One party is a discovering party and a moving party under Rules 2–432(a) and 2–433(a), and the other parties are discovering but not moving parties.)

In the case before us, Kirby was a discovering party; thus, we are required to go beyond the holding of our prior cases. When a party is a discovering party and a moving party under Rules 2–432(a) and 2–433(a), and the other parties are discovering but not moving parties, a court has authority to sanction the offending party with respect to its claims against the discovering, but not moving, parties. The sanction is based on the conduct of the offending party and the benefit to the moving party. The extreme sanction of dismissal or entry of default judgment, as to the discovering but not moving party, is only appropriate in the unusual situation where it is justified by the conduct of the offending party and the necessity to afford effective relief to the moving party.

### *Scenario 3*

(One party is a discovering party and a moving party under Rules 2–432(b) and 2–433(b), and the other parties are discovering but not moving parties.)

■ Instead of moving for immediate sanctions for failure of discovery under Rule 2–432(a), or if there has been incomplete discovery, a party may seek an order compelling discovery under Rule 2–432(b). When a motion to compel discovery is granted and then violated, a court may award sanctions pursuant to Rule 2–433(b) "upon motion of a party." The imposition of sanctions results, in part, from the failure of the offending party to obey an order. In the case before us, Seyoum and Betty Gebrehiwot were discovering and moving parties under 2–432(b) and 2–433(b), and Kirby was a discovering party.

■ If one party is a discovering and moving party under Rules 2–432(b) and 2–433(b), and the other parties are discovering but not moving parties, a court has the authority to impose sanctions against the offending party with respect to its claims against the discovering but not moving parties, based on the conduct of the offending party, the need for effective relief to the discovering and moving party, and in addition, the failure to obey an order of the court. Again, the extreme sanction of dismissal or default judgment would be unusual and appropriate only when the conduct of the offending party, the need for effective relief, and the need to protect court process justified it.

*Scenario 4*

(One party is a discovering party and a moving party under Rules 2–432(b) and 2–433(b), and the other parties are neither.)

■ The outcome is the same as in scenario three. Nothing in Rule 2–433(b) limits relief to the discovering party. Because the offending party failed to obey an order of court, the court is authorized to sanction the conduct that affects a claim against a non-discovering party based on the ability of a court to protect its process. Again, however, we expect the imposition of such sanctions, especially extreme sanctions, to be rare and imposed only when the conduct of the offending party and the need to protect court process justifies such

action. Our interpretation of the Rules is supported by the express statement in Rule 2–433(b) that a court may treat a failure to obey an order as a contempt.[9]

■■■ As discussed earlier in this opinion, the propriety of the imposition of sanctions depends on the particular facts of each case. In the instant case, Seyoum and Betty Gebrehiwot sought dismissal based on appellant's failure of discovery and failure to obey a court order, and they were discovering and moving parties under Rules 2–432 and 2–433. Kirby was not a moving party but was a discovering party, and appellant failed to respond to the discovery. The court dismissed appellant's case against all appellees.

The facts before us present the unusual situation in which dismissal of a claim against a discovering but not moving party was within the court's discretion, based on the offending party's conduct, to afford appropriate relief to the moving party,[10] and to protect the court's process. The reasons are as discussed in part 3 of this opinion.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**

---

**9.** Our interpretation is also consistent with the holding in *Payne v. Exxon Corp.*, 121 F.3d 503 (1997). In *Payne,* Exxon's motion to compel was granted after its initial discovery requests were ignored by plaintiffs. Plaintiffs failed to comply with the court's order compelling discovery, and Exxon moved to dismiss the case. VECO, a co-defendant and non-discovering party, joined Exxon's motion to dismiss. The Court recognized that VECO lacked standing to move to compel answers to Exxon's discovery requests because it was not a discovering party. The Court held that dismissal of the case was proper against both Exxon and VECO, relying on the broad authority of a court to impose sanctions for failure to comply with a discovery order. *Payne,* 121 F.3d at 510 ("If Congress had intended to limit the district court's dismissal authority to claims against the party who propounded discovery, it would not have chosen such sweeping language.").

**10.** Appellees were alleged to be joint tortfeasors. If Kirby remained as a defendant, she could have filed a third party complaint against Seyoum and Betty Gebrehiwot, alleging contribution and/or indemnity.