944 A.2d 1115

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

**Lester A.D. ADAMS.**

**Misc. AG No. 65, Sept. Term, 2006.**

Court of Appeals of Maryland.

March 20, 2008.

Charles E. Iliff, Jr. (Iliff & Meredith, P.C.), Pasadena, for petitioner.

Melvin Hirshman, Bar Counsel, Attorney Grievance Commission of Maryland, for respondent.

Argued before BELL, C.J., RAKER, HARRELL, BATTAGLIA, GREENE, ALAN M. WILNER (Retired, specially assigned) and DALE R. CATHELL (Retired, specially assigned), JJ.

BELL, C.J.

By order dated August 6, 1998, this Court granted the Joint Petition for Indefinite Suspension by Consent filed by the Attorney Grievance Commission, the petitioner, and Lester A.D. Adams, the respondent, thus suspending the respondent

from the practice of law indefinitely, but with the right to apply for reinstatement after one year. The conduct which precipitated the suspension involved the management of the respondent's attorney trust account. More particularly, in that regard, the Petition alleged that the respondent, by his conduct, violated sections (a) and (b) of Rule 1.15 of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812, and Maryland Rule 16–607(a). On January 25, 2007, more than 8 years after he was suspended, the respondent sought reinstatement to the practice of law, filing *Respondent Lester A.D. Adams' Verified Petition for Reinstatement to the Practice of Law.* In his reinstatement petition, he averred that he "ha[d] provided to Bar Counsel all the information required under Md. Rule 16–781(d)(1)." In addition, he submitted:

> ". . . Respondent has satisfied all conditions for reinstatement pursuant to the Court's order dated August 6, 1998. The conduct at issue happened over eight years ago. There is absolutely no indication that this will b e a problem for him again. Respondent has always demonstrated his competence and professionalism as a lawyer, and, if reinstated, intends to resume his practice of law at the same high level."

Responding to the Petition, Bar Counsel was essentially neutral, neither recommending reinstatement nor opposing that relief. Instead, pointing out that there were outstanding student loans of more than $32,000.00 and that the Court's order required monitoring, both by Bar Counsel and by an attorney/CPA retained and paid by the respondent, he stated his belief "that the Court must make its own decision concerning this Petition for Reinstatement." Significantly, Bar Counsel advised the Court:

> "Still pending is litigation in the United States District Court for the District of Maryland with trial set for July 10, 2007. The Petitioner advises that he anticipates the parties will be able to settle the matter without a trial. It involves a claim by the Petitioner against a Christopher A. Brooks and a counter claim by Mr. Brooks against the Petitioner

involving investment in a piece of property in Hyattsville, Maryland."

On this record, this Court, a majority concurring, on April 11, 2007, granted the respondent's petition and reinstated him to the practice of law. Consistent with our August 6, 1998 order suspending the respondent, the order of reinstatement was made conditional on the respondent's fulfillment of the conditions enumerated in that order.[1]

Subsequently, a little more than a month later, Jonathan A. Azrael, counsel for Christopher A. Brooks, a party to litiga-

---

1. Specifically, the reinstatement was conditioned on:

> "1. Petitioner['s] ... participat[ion]in twelve (12) hours of continuing legal education in the first three (3) years after reinstatement;
> "2. Petitioner['s] engaging at his expense a monitor acceptable to Bar Counsel who will oversee both his practice of law and his accounting of funds for a period of two (2) years with monthly reports for one (1) year and quarterly reports thereafter to Bar Counsel; and
> "3. Petitioner in the first year after reinstatement ... attend[ing] the Maryland State Bar Association Workers' Compensation Evening Series; and in the second year ... attend[ing] the Maryland State Bar Association and Prince George's County Bar Association CLE offerings in Criminal Law, Family Law, Immigration Law, Consumer Bankruptcy Law and solo and small firm practice and litigation as well as any of those he could not attend in year two on the third year...."

Maryland Rule 16–781(j) permits the Court to place conditions on a petitioner's reinstatement:

> (j) *Conditions of Reinstatement.* An order that reinstates a petitioner may require that the petitioner fulfill, either as a condition precedent to reinstatement or a condition of probation after reinstatement, one or more of the provisions set forth in Rule 16–760(h) and one or more of the following requirements:
> "(1) take the oath of attorneys required by Code, Business Occupations and Professions Article, § 10–212;
> "(2) attend a bar review course approved by Bar Counsel and submit to Bar Counsel satisfactory evidence of attendance;
> "(3) successfully complete a professional ethics course at an accredited law school;
> "(4) attend the professionalism course required for newly-admitted attorneys;
> "(5) pass either the regular comprehensive Maryland bar examination or an attorney examination administered by the Board of Law Examiners; and

**4**

tion, involving the respondent, pending in the United States District Court for the District of Maryland, which Bar Counsel referenced in responding to the respondent's petition for reinstatement, the movant, filed a *Motion To Strike Order Granting Reinstatement,* in which, in addition to seeking to strike the order reinstating the respondent, sought further proceedings under Maryland Rule 16–781(i).[2] The movant, with respect to that litigation, complained,

"Although this litigation is mentioned in the Response to Petition for Reinstatement filed by Bar Counsel . . ., Bar Counsel did not communicate with Christopher A. Brooks or his attorney regarding the allegations [of] Dr. Brooks' Counterclaim in this Civil Action. Nor did Bar Counsel seek to verify with Dr. Brooks or his attorney whether they agree that 'the parties will be able to settle the matters without a trial."

Having attached the counterclaim he filed against the respondent, the letter his client wrote to Bar Counsel complaining about the respondent's conduct and noting Bar Counsel's response, assuring him that he would "retain a record of your complaint for possible further review if and when Mr. Adams petitions for reinstatement to the Maryland," the movant asserts that further proceedings would give his client the opportunity to testify and afford the hearing court the opportunity to consider, in light of that testimony and documentary

---

"(6) pay all costs assessed in accordance with section (*o*) of this Rule."

**2.** Ordering "further proceedings" is among the dispositions Maryland Rule 16–781(h) makes available to this Court when it reviews a petition for reinstatement and Bar Counsel's response, the others being "dismissal without a hearing," or "reinstatement." When "further proceedings" are ordered

"the Court shall enter an order designating a judge in accordance with Rule 16–752 to hold a hearing. The judge shall allow reasonable time for Bar Counsel to investigate the petition and, subject to Rule 16–756, take depositions and complete discovery. The applicable provisions of Rule 16–757 shall govern the hearing, including the requirement that the petitioner shall have the burden of proving the averments of the petition by clear and convincing evidence."

Rule 16–781 (i).

evidence, whether the respondent "has engaged in any other professional misconduct[3] since the imposition of discipline." He concluded:

"Your movant wishes to make clear that he does not necessarily take a position as to whether [the respondent] should or should not be reinstated as a member of good standing of the Bar of Maryland. However, your movant does contend that based on the Complaint of Dr. Brooks alone (which the Attorney Grievance Commission apparently ignored and never investigated) that a more thorough and considered investigation of [the respondent]'s Petition for Reinstatement is required."

Bar Counsel filed an answer to the motion to strike this Court's order reinstating the respondent. Agreeing that its answer to the respondent's petition for reinstatement referenced the litigation between the respondent and the movant pending in the federal court, but conceding that it did not specifically reference the complaint that the movant filed with the Commission subsequent to the respondent's suspension, he joined in the movant's request that a hearing "concerning whether the Order granting reinstatement should be revoked" be held after the trial pending in the federal court has taken place, when "there will be testimony by [the respondent] and [the movant] under oath . . . which may have some bearing on the resolution of the motion."

Having considered the motion to strike reinstatement and Bar Counsel's response, we set the matter in for a show cause hearing.[4]

---

**3.** The acts of misconduct that the movant submits the hearing court and this Court may consider, in that regard, includes, among others, whether the respondent forged the movant's name to legal documents in connection with real property in Hyattsville Maryland, including a deed to that property and, having done so, notarized the forged signature, thereby "making a false oath that he . . . had seen [the movant] acknowledge the Deed of Trust."

**4.** Although the show cause hearing was scheduled for September 6, 2007, after the scheduled trial in the federal court, which was set for July 10–12, 2007, that date was not conditioned on that trial having

In response to the Order to Show cause, the respondent filed *Answer of Lester A.D. Adams To Motion to Strike Order Granting Reinstatement.* In that pleading, he conceded Bar Counsel's right and authority to seek the striking of an order reinstating a suspended attorney, but maintained that opposing counsel in ongoing litigation has no such right. Specifically, he argued:

"Rule 16–781(m) provides that *Bar Counsel* may file such a motion for reasons stated in the Rule. The Rule does not give standing to members of the public or attorneys to file motions directly with this Court, and clearly contemplates a motion being filed only by Bar Counsel, with the information sources and investigative capacity of that office."

Alternatively, the respondent denies that the movant has presented a basis for the relief sought. Noting that the grounds for striking reinstatement include failure to comply with the order of reinstatement or knowingly making a false statement or material omission in the Petition for Reinstatement, he submits that neither ground applies in his case, explaining:

"Mr. Adams has been involved in bitter litigation with the man who used to be his closest friend, over a transaction that took place eight years ago. Certainly, recollections differ, but Mr. Adams can do no more than say that he has told the truth about that transaction. Mr Adams is sorely disappointed that Judge Chasanow has decided against him, and found his testimony not to be credible. Clearly Dr. Brooks was more persuasive, and unless the case is over-

---

been completed. As a matter of fact, the movant/respondent's litigation did proceed as scheduled and some of the issues pertinent to these proceedings were resolved. The respondent acknowledges that, although he disagrees with her, the trial judge ruled against him with regard to the issues the movant has raised as the basis for his motion to strike the respondent's reinstatement. For example, the trial judge determined that the respondent "forged," the movant's name to legal documents, including a deed of trust for real property in Hyattsville Maryland. Because other issues remain unresolved, however, there has been no final judgment in that case, so that the respondent has not, indeed, could not, challenge any of the unfavorable findings on appeal.

turned will reap a substantial benefit from a transaction which he claims Mr. Adams was unauthorized to enter in his name."

Finally, the respondent expressed the belief that further proceedings were not necessary and the further "belief and hope that Bar Counsel will conclude that there is no basis to file a Motion to Vacate, as he is authorized to do under the Rule."

Maryland Rule 16–781 governs petitions for reinstatement to the practice of law. Section (a)[5] of that Rule requires the disbarred or suspended lawyer to file, with the Court, a verified petition, sufficiently documented and annotated as to show that the petitioner has complied with Rule 16–760, met the terms and conditions of the applicable disciplinary or remedial order, has the character, qualifications and competence to practice law, and satisfies, or has the ability to satisfy, Rule 16–781(g).[6]

---

**5.** (a) *Petition.* A petition for reinstatement to the practice of law shall be filed in the Court of Appeals. It shall be verified and include docket references to all prior disciplinary or remedial actions to which the petitioner was a party. A copy of the order that disbarred or suspended the petitioner from the practice of law, placed the petitioner on inactive status, or accepted the petitioner's resignation shall be attached, together with any opinion of the Court that accompanied the order. The petition shall certify that the petitioner has complied in all respects with the provisions of Rule 16–760 and with the terms and conditions of the disciplinary or remedial order. Except as provided in section (e) of this Rule, the petition shall allege facts describing the petitioner's original misconduct, subsequent conduct and reformation, present character, present qualifications and competence to practice law, and ability to satisfy the criteria specified in section (g) of this Rule.

**6.** Maryland Rule 16–781(g) provides:

*"Criteria For Reinstatement.* The Court of Appeals shall consider the nature and circumstances of the petitioner's original conduct, the petitioner's subsequent conduct and reformation, the petitioner's current character, and the petitioner's current qualifications and competence to practice law. The Court may order reinstatement if the petitioner meets each of the following criteria or presents sufficient reasons why the petitioner should nonetheless be reinstated:

"(1) The petitioner has complied in all respects with the provisions of Rule 16–760 and with the terms and conditions of prior disciplinary or remedial orders;

In addition to serving the petition for reinstatement on Bar Counsel and such other persons as the Court, on the request of Bar Counsel, may designate, Rule 16–781(c),[7] the petitioner, who has been disbarred or suspended from the practice of law for at least six (6) months, is required to provide Bar Counsel with information that is, or may be, relevant to that petitioner's character and fitness to practice law, and that will facilitate an investigation focused on determining whether that petitioner's present character and fitness merit reinstatement, Rule 16–781(d),[8] rafter which Bar Counsel shall respond to the

"(2) The petitioner has not engaged or attempted or offered to engage in the unauthorized practice of law and has not engaged in any other professional misconduct during the period of suspension, disbarment, or inactive status;

"(3) If the petitioner was placed on inactive status, the incapacity or infirmity (including alcohol or drug abuse) does not now exist and is not reasonably likely to recur in the future;

"(4) If the petitioner was disbarred or suspended, the petitioner recognizes the wrongfulness and seriousness of the professional misconduct for which discipline was imposed;

"(5) The petitioner has not engaged in any other professional misconduct since the imposition of discipline;

"(6) The petitioner currently has the requisite honesty and integrity to practice law;

"(7) The petitioner has kept informed about recent developments in the law and is competent to practice law; and

"(8) The petitioner has paid all sums previously assessed by the order of the Court of Appeals."

7.  (c) *Service.* The petition shall be served upon Bar Counsel pursuant to Rule 2–121 and upon any other person designated by order of the Court of Appeals on request of Bar Counsel.

8.  Rule 16–781(d)(1) provides:

"(1) Petitioner Disbarred or Suspended Indefinitely or for More Than Six Months. A petitioner who has been disbarred or suspended indefinitely or for more than six months shall provide the following information to Bar Counsel at the time of filing the petition:

"(A) the petitioner's current address and telephone number;

"(B) the address of each residence during the period of discipline, with inclusive dates of each residence;

"(C) documentary evidence supporting the petitioner's claim that the criteria specified in section (g) have been satisfied;

"(D) the name, address, and telephone number of each employer, associate, and partner of the petitioner during the period of discipline, with the inclusive dates of each employment, association, and partnership, the positions held, the names of all supervisors,

petition, either admitting or denying the averments and, in his discretion, offering a recommendation, supported by reasons, as to the disposition of the petition. Rule 16–781(f).[9]

After a review of the pleadings and the record, the Court has the discretion to order a "dismissal without a hearing," order the petitioner reinstated, or order "further proceedings." Maryland Rule 16–781(h). Ordering a petitioner reinstated is not without recourse. Rule 16–781(m) provides a mechanism for vacating any such order. It provides:

---

and, if applicable, reasons for terminating the employment, association, or partnership;

"(E) the case caption, general nature, and disposition of each civil and criminal action pending during the period of discipline to which the petitioner was a party or in which the petitioner claimed an interest;

"(F) a statement of monthly earnings and all other income during the period of discipline, including the source;

"(G) a statement of the petitioner's assets and financial obligations;

"(H) the names and addresses of all creditors;

"(I) a statement that any required restitution has been made and the amounts paid;

"(J) a statement indicating whether the petitioner has applied for reinstatement in any other jurisdiction and the present status of each application;

"(K) a statement identifying all other business or occupational licenses or certificates applied for during the period of discipline and the current status of each application;

"(L) the name and address of each financial institution at which the petitioner maintained or was signatory on any account, safe deposit box, deposit, or loan during the period of discipline;

"(M) written authorization for Bar Counsel to secure financial records pertaining to any account, safe deposit box, deposit, or loan at any financial institution identified in subsection (d)(1)(L) of this Rule;

"(N) copies of the petitioner's state and federal income tax returns for the three years preceding the effective date of discipline and each year thereafter; and

"(O) any other information that the petitioner believes is relevant to determining whether the petitioner possesses the character and fitness necessary for reinstatement."

9. (f) *Response to Petition.* Bar Counsel shall file a response to the petition within 30 days after being served unless a different time is ordered. The response shall admit or deny the averments of the petition in accordance with Rule 2–323(c) and may include a statement of Bar Counsel's recommendations and reasons for supporting or opposing the petition.

"(m) Motion to Vacate Reinstatement. Bar Counsel may file a motion to vacate an order that reinstates the petitioner if (1) the petitioner has failed to demonstrate substantial compliance with the order, including any condition of reinstatement imposed under Rule 16–760(h) or section (j) of this Rule or (2) the petition filed under section (a) of this Rule contains a false statement or omits a material fact, the petitioner knew the statement was false or the fact was omitted, and the true facts were not disclosed to Bar Counsel prior to entry of the order. The petitioner may file a verified response within 15 days after service of the motion, unless a different time is ordered. If there is a factual dispute to be resolved, the court may enter an order designating a judge in accordance with Rule 16–752 to hold a hearing. The judge shall allow reasonable time for the parties to prepare for the hearing and may authorize discovery pursuant to Rule 16–756. The applicable provisions of Rule 16–757 shall govern the hearing. The applicable provisions of Rules 16–758 and 16–759, except section (c) of Rule 16–759, shall govern any subsequent proceedings in the Court of Appeals. The Court may reimpose the discipline that was in effect when the order was entered or may impose additional or different discipline."

The Rule prescribes two reasons for vacating an order that reinstates an attorney whose name previously had been removed from the rolls of the Maryland Bar: when the petitioner fails substantially to comply with the order of reinstatement and when the petition for reinstatement contains a false statement or omits a material fact, which the petitioner knew to be false or omitted and did not disclose to Bar Counsel prior to entry of the order. It also sets out who may file the order to vacate: Bar Counsel. No provision is made for anyone else to do so.

This is logical and appropriate. The motion to vacate an order reinstating an attorney is, after all, like the petition to reinstate an attorney's privilege to practice law, simply a part, albeit an important part, of this Court's regulation of the legal profession, specifically, its regulation and oversight of attorney

discipline, in which Bar Counsel necessarily plays a critical and extensive role.  As a result, Bar Counsel has been charged with duties and given power necessary, and sufficient, to perform that role.[10]  In that regard, his powers are investigative, as, for example, with regard to professional misconduct and petitions for reinstatement, includes the issuance of subpoenas and involves monitoring of disciplinary and remedial orders.  Bar Counsel is actively and critically involved at the front end of the attorney discipline process, being charged with investigating complaints filed against attorneys to determine whether petitions for disciplinary or remedial action are warranted and, if they are determined to be, "prosecuting" those that are filed.  The role that Bar Counsel plays when an attorney who has been disbarred or suspended for more than six months seeks reinstatement is, as we have seen, also significant.  The petition for reinstatement must be served on

---

**10.**  (b) *Powers and Duties.*  Subject to the supervision and approval, if required, of the Commission, Bar Counsel has the powers and duties to:

(1) investigate professional misconduct or incapacity;

(2) issue subpoenas as provided by Rule 16–732;

(3) enter into and implement Conditional Diversion Agreements, issue notices, and administer warnings and reprimands;

(4) file statements of charges, participate in proceedings before Peer Review Panels, and prosecute all disciplinary and remedial proceedings;

(5) file and prosecute petitions for disciplinary and remedial action in the name of the Commission;

(6) monitor and enforce compliance with all disciplinary and remedial orders of the Court of Appeals;

(7) investigate petitions for reinstatement and applications for resignation from the practice of law and represent the Commission in those proceedings;

(8) initiate, intervene in, and prosecute actions to enjoin the unauthorized practice of law;

(9) employ attorneys, investigators, and staff personnel as authorized by the Commission at the compensation set forth in the Commission's budget;

(10) discharge any employee;

(11) maintain dockets and records of all papers filed in disciplinary or remedial proceedings;

(12) make reports to the Commission; and

(13) perform other duties prescribed by the Commission, this Chapter, and the Rules in Title 16, Chapter 600 (Attorney Trust Accounts).

Bar Counsel. Similar to his responsibility at the initiation stage of the process, Bar Counsel is given the responsibility to investigate the accuracy of the allegations in the petition, both factually and with regard to the petitioner's character and fitness, and, on the basis of what he discovers, to respond to the petition. Bar Counsel may also make a recommendation, with reasons, as to the disposition of the petition. In addition to Bar Counsel's extensive and significant involvement in the investigative and regulatory processes, the allegations that trigger and/or support the vacation of an order of reinstatement, *i.e.* making material false statements or omissions and failing to comply with the order, including violating the conditions enumerated in the order, confirm and underscore that appropriateness and logic.

The motion to vacate filed in this case was not filed by Bar Counsel. Indeed, Bar Counsel has yet to file any such motion. Rather, as we have seen, it was filed by counsel for the plaintiff in litigation pending against the respondent. Nor was the basis for the motion to vacate a failure on the part of the respondent to comply with the conditions the Court imposed for reinstatement. Instead, the movant alleged failure of Bar Counsel to investigate a complaint that the movant filed against the respondent, to communicate with him or his client, the complainant, regarding the allegations made against the respondent in that complaint and to verify, with him or the complainant that the pending litigation involving the respondent and the complainant, the pendency of which was reported to the Court, would be able to be settled without a trial.

To be sure, the concerns of a complainant, raised in a complaint to Bar Counsel, filed prior to the respondent's suspension, but which had not been investigated when the respondent was reinstated, and with whom Bar Counsel had not spoken with respect to the respondent's motion for reinstatement, are properly considered and may inform the question of the respondent's character and present fitness to practice law. There exists an avenue for considering those concerns. That avenue is not this Court's entertaining a petition to vacate filed by a third party, after the respondent

has been reinstated, presumably after the required investigation has occurred. The avenue is Bar Counsel, to whose attention the concerns of the third party can, and should, be brought, the expected result of which would be an investigation. That investigation would reveal whether there is a basis for vacation of reinstatement and whether that relief should be sought. The avenue is still open.

We hold that an attorney representing a litigant in proceedings involving a reinstated attorney does not have standing to move to vacate the order reinstating that attorney; only Bar Counsel may do so.[11] Accordingly, the movant's motion to strike the Court's order reinstating the respondent is dismissed.

IT IS SO ORDERED. COSTS TO BE PAID BY THE MOVANT, JONATHAN AZRAEL.

---

11. To be sure, this Court has inherent authority to notice, and address, issues pertinent to an attorney's fitness to practice law. It may, therefore, on its own initiative, entertain a motion such as that filed by the movant. Were it to do so, however, the Court necessarily would refer the matter to Bar Counsel for investigation and such recommendation as the investigation warrants.